**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                                        Criminal No. 16-20732

CLIFFORD FREITAS,

       Defendant.

                                                       /

**ORDER DENYING DEFENDANT'S MOTION FOR
RECOMMENDATION OF RESIDENTIAL REENTRY CENTER**

In August 2018, Defendant, a former Macomb Township Trustee, was sentenced to 20 months imprisonment after he pleaded guilty to taking thousands of dollars bribes in connection with a waste management contract. (Dkt. #236.) Currently pending before the court is Defendant's motion requesting that the court recommend to the Bureau of Prisons ("BOP") that Defendant be placed in a residential reentry center ("RRC") for the last 12 months of his sentence. (Dkt. #269.) In support of this motion, Defendant highlights his participation in BOP programming and his "exceptional remorse" regarding his crimes. The court will deny Defendant's motion.

       The decision of whether to place a defendant in an RRC rests with BOP:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.

18 U.S.C. § 3624(c). The BOP considers a variety of factors in deciding whether placement is an RRC is appropriate, including: (1) the resources of the facility

contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. §§ 3621(b), 3624(c)(6)(A).

The court's authority to make such a recommendation is not entirely clear. *See United States v. Morgan*, No. 13-cr-20464-02, 2018 U.S. Dist. LEXIS 70981, at *2 (E.D. Mich. Apr. 27, 2018) ("Although the authority to determine placement in an RRC or hallway house rests solely with the BOP, some courts have nevertheless recognized that the sentencing court may issue a recommendation concerning RRC placement, even after the sentence has been imposed."). Assuming, *arguendo*, that the court has the jurisdiction to make a recommendation after sentencing, the court will decline to do. Based on the nature of Defendant's crime, the court is not persuaded that placement in an RRC is necessary or appropriate. The BOP is in the best position to evaluate Defendant's progress and make such a determination based on what best serves Defendant's rehabilitation efforts. The court will not interfere with this determination. Accordingly,

IT IS ORDERED that Defendant's motion for recommendation (Dkt. #269) is DENIED.

s/Robert H. Cleland<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: March 6, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 6, 2019, by electronic and/or ordinary mail.

<u>s/Lisa Wagner</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Criminal\16-20732.FREITAS.deny.residential.reentry.HEK.docx